FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

99 MAY -4  AM 9: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

JANET SMITH,                          )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )          No.   CV 98-J-222-NW
                                      )
STATE OF ALABAMA, DEPARTMENT  )
OF TRANSPORTATION, et al.,            )
                                      )
        Defendants.                   )

ENTERED

MAY 0 4 1999

## MEMORANDUM OPINION

This cause comes before this Court on Defendants' motion for summary judgment

(doc. 19).

### Undisputed Material Facts

Plaintiff is employed as an ASA II (f/k/a Clerk III) with the Alabama Department

of Transportation ("DOT").  Plaintiff has been employed with DOT in various clerical

capacities since 1974.  For over ten years she has served as the clerical assistant to the

Equipment Maintenance Superintendent ("EMS") in the DOT's second division.  In 1995,

the EMS for the second division retired.  Following standard State of Alabama hiring

procedures, the DOT contacted the State Personnel Department ("SPD") to request a list

of individuals eligible for the position.  The SPD maintains lists of individuals interested

in various State jobs.  When a vacancy arises, the SPD ranks the individuals on its lists

according to test scores, qualifications, etc. and sends a list of eligible candidates to the

1



State department which needs to fill a vacancy. This procedure was followed in this case.

The DOT obtained a list of ten (10) individuals eligible for the EMS position in the second division. The first three (3) individuals on the list were male. Plaintiff was number four (4) on the list. The remainder of the persons on said list were male. Lee Page was number (7) on this list. After interviewing all ten individuals, the DOT hired Page to fill the vacancy. Plaintiff remained in her position as Page's clerical assistant.

## Summary judgment standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying

2

those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at

248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala.); citing *Anderson*, 47 U.S. at 251-252.

**Analysis**

In order for an Defendants' failure to promote to be actionable under Title VII, Plaintiff must prove that (1) she is a member of a protected class; (2) she was qualified for and applied for the promotion; (3) she was rejected in spite of [her] qualifications; and (4) Defendants continued to seek applicants for the position or filled the position with a person outside the protected class. *Walker v. Mortham*, 158 F.3d 1177, 1191-1193 (11th Cir. 1998) (citing *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S. Ct. 2363 (1989)). Plaintiff demonstrates this *prima facie* case. As a woman, Plaintiff is a member of a protected class. She was at least minimally qualified for the position of EMS as is evidenced by her presence on the list of eligible candidates. Plaintiff was not promoted, and the position was filled by a male.

Once Plaintiff demonstrates her *prima facie* case, the burden shifts to Defendants to produce a legitimate, non-discriminatory reasons for its hiring decisions. *McDonald Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). Defendants meet this

4

burden of production by offering evidence that Lee Page, the male hired for the disputed

position, was more qualified than Plaintiff for said position.  Billy Shoemaker, the DOT

official responsible for the hiring decision in question, rated each applicant's abilities in

four areas – administrative tasks, heavy equipment, personnel supervision, and warehouse

operations.  (Deposition of Shoemaker at Exhibit 11.)  Plaintiff had served as clerical

assistant to the retiring EMS in the Second Division and, therefore, was familiar with the

paperwork and administrative tasks of the EMS.  Defendants do not dispute that Plaintiff

was very familiar with the administrative requirements of the EMS position.  However,

they argue that knowledge of the administrative requirements is just one aspect of the job.

 The "EMS" is the Equipment Maintenance Superintendent and, by definition, is

responsible for the maintenance of DOT equipment including, but not limited to, heavy

equipment and machinery.  There is no evidence in the record that Plaintiff has any

experience with heavy machinery or equipment.  She was unfamiliar with the very

equipment for which she would be responsible as an EMS.

There is also very little evidence that Plaintiff ever supervised other employees.

While Plaintiff did state on her application for the EMS position that she supervised two

employees, she contradicted this statement in her deposition.

Q:    At the time that you applied for that [EMS] position, had you

supervised anyone?

A:    No.

5

....

A:      ... And to say I have never had any supervisory experience, the only thing I

have ever done is just to tell clerks policies and stuff.  I don't guess that – or

whatever that means. ...

(Deposition of Plaintiff at 104-105.)

Unlike Plaintiff, Page had extensive experience with heavy equipment and

machinery.  Page also had experience supervising employees.  Defendants acknowledge

that Plaintiff and Page were about equally qualified for the warehouse operations portion

of the job, and it is undisputed that Plaintiff was more qualified than Page for the

administrative aspects of the position.  However, Plaintiff's deficiency in heavy

equipment experience and personnel supervision made her a less qualified candidate

overall for the EMS position.  (Deposition of Shoemaker at Exhibit 11.)  Thus,

Defendants have met their burden of producing a legitimate, non-discriminatory reason

for hiring Page instead of Plaintiff.

Once Defendants meet their burden of production, Plaintiff has the opportunity to

offer evidence that Defendants' explanation is simply a pretext for discrimination.

*McDonald Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).  Plaintiff

attempts to prove Defendants' reasons pretextual through various hearsay statements.

She also contends that she should have been given some preference because of her

familiarity with the administrative responsibilities of the EMS.  The undisputed evidence

6

is that Plaintiff did receive high marks for her knowledge of the office procedures.

(Deposition of Shoemaker at Exhibit 11.)  However, that was still not enough to outweigh

Page's experience in the non-administrative aspects of the job.  Plaintiff also points to the

fact that she was ranked higher on the list of eligible candidates than Page.  However, this

fact is not material to Plaintiff's Title VII claim.  The hiring procedures of the Department

of Transportation allow all persons on a list of eligibles to be considered equally.

Plaintiff does not dispute this point.  As a matter of fact, Plaintiff has been hired or

promoted over other individuals who ranked higher on a lists of eligibles than Plaintiff

did.  (Deposition of Plaintiff at Exhibits 2, 4 & 6.)

Plaintiff further contends that she was asked in her interview who would care for

her child if she were required to be out of town overnight.  Whether or not this was an

appropriate question, Plaintiff answered that her husband or relatives would care for the

child.  (Deposition of Plaintiff at 120.)  In addition, Plaintiff testified that she did not

believe that she did not receive the EMS position due to concerns over who would keep

her child.  Id.  Additionally, there is no evidence that male interviewees were not

similarly questioned about obligations that may inhibit their ability to travel overnight.

Thus, the issue is irrelevant to Plaintiff's Title VII claim.

Finally, Plaintiff points to the allegation that Page was allowed to supplement his

application after the application deadline.  The court notes that the testimony offered to

support this claim is hearsay.  However, for the sake of thoroughness, the court will

address this allegation as if it were made in an admissible form.  Even if Page was
allowed to supplement his application, this is not relevant to Plaintiff's Title VII claim
because it shows no discriminatory intent by Defendants.  Assuming the supplementation
was made and assuming that was the basis for hiring Page as the EMS, there were five
**males** ranked higher than Page, and three ranked higher than Plaintiff, who were also
passed over for the position.  Thus, Plaintiff fails to demonstrate that Defendants
proffered reason for hiring Page rather than promoting her was a pretext for
discrimination in violation of Title VII.

### Conclusion

Based upon the above analysis and in accordance with the separate order this day
entered;

It is therefore **ORDERED** that Defendants' motion for summary judgment (doc.
19) be and hereby is **GRANTED**.

**DONE and ORDERED** this the _3_ day of May, 1999.

Inge P. Johnson
United States District Judge